ELIZABETH WESTERFIELD and
JERALD WESTERFIELD,

      Plaintiffs,

v.                                    Case No:  8:19-cv-00146-T-02AEP

CORIN GROUP, PLC; CORIN
USA LIMITED; STRYKER
SUSTAINABILITY SOLUTIONS,
INC.; STRYKER SALES
CORPORATION; STRYKER
CORPORATION; and
HOWMEDICA OSTEONICS
CORP. d/b/a STRYKER
ORTHOPAEDICS,

      Defendants.

_____

## ORDER

This matter comes before the Court following oral argument on Plaintiffs'

motion to remand (Dkt. 7).  The Court finds that Defendant Corin USA Limited's

principal place of business is located in England, not Florida.  Accordingly, the

motion is denied.

## I.    <u>BACKGROUND</u>

Plaintiffs filed this suit in state court, naming the following as Defendants:

Corin USA Limited ("Corin USA"); Corin Group, PLC ("Corin Group")[1] ("Corin

USA and Corin Group are collectively referred to as the "Corin Defendants");

Stryker Sustainability Solutions, Inc. ("Stryker Sustainability"); Stryker Sales

Corporation ("Stryker Sales"); Stryker Corporation ("Stryker"); and Howmedica

Osteonics Corp. d/b/a Stryker Orthopaedics ("Howmedica") (Stryker

Sustainability, Stryker Sales, Stryker, and Howmedica are collectively referred to

as the "Stryker Defendants").  Dkt. 1-3 at 3 ¶ 1.  The Corin Defendants removed

the case to this Court, invoking the Court's diversity jurisdiction pursuant to 28

U.S.C. § 1332.  Dkt. 1.  The Stryker Defendants consented to the removal.  Dkt. 1-

2.

As relevant here, the notice of removal alleged that Plaintiffs are both

citizens of Florida.  Dkt. 1 ¶¶ 4, 12.  It also alleged that Corin USA is a corporation

existing under the laws of the United Kingdom with its principal place of business

in the United Kingdom.  *Id.* ¶ 11.  It supported this allegation with a declaration

from Victoria Silvester, who is the Chief Financial Officer of Corin Limited.  Dkt.

1-1.  In her declaration, Silvester averred that Corin USA is a wholly-owned

subsidiary of Corin International Ltd., which is affiliated with Corin Limited.  *Id.* ¶

---

[1] Corin Group asserts that its correct name is "Corin Group Limited."  Dkt. 14 at 1.

3.  She stated that Corin USA is incorporated under the laws of the United

Kingdom and attached a certificate of incorporation.  *Id.* ¶ 4; *see also id.* at 4-39.

She explained that all of Corin USA's directors are located in the United Kingdom

and that they direct and control corporate strategy for Corin USA.  *Id.* ¶ 5.  Thus,

she concluded that Corin USA's principal place of business was in the United

Kingdom.  *Id.*

Plaintiffs filed a motion to remand.  Dkt. 7.  They did not contest that they

are citizens of Florida or that they are diverse from the Stryker Defendants and

Corin Group.  Instead they argued that Corin USA's principal place of business

was, in fact, in Florida, thus destroying diversity and requiring remand.  *Id.*

Alternatively, they requested leave to conduct jurisdictional discovery.  *Id.* at  7.

They supported their motion with three similar articles saying that Corin USA has

its United States headquarters in Tampa, that Tampa is home to the company's

business activities "in the US," and that "sales, marketing, clinical, regulatory,

finance and operations and logistics groups" for Corin USA are located in Tampa.

Dkt. 7 at 23-36.  They also attached a copy of a page from Corin USA's website

that says Corin USA is "based in Tampa, Florida."  *Id.* at 37.  Finally, they

attached an answer filed in 2015 in another lawsuit in which Corin USA (through

its attorneys) admitted that Corin USA is a "foreign corporation organized and

existing under the laws of the State of Florida."  *Id.* at 11 ¶ 8.

In response, the Corin Defendants submitted a supplemental declaration from Silvester.  She stated that she is a director and the Chief Financial Officer of Corin USA and that Corin USA has only one other director and officer—Chief Executive Officer Stefano Alfonsi.  Dkt. 14-1 ¶¶ 2, 4.  She stated that she and Alfonsi both live in England and work from offices located in Cirencester, Gloucestershire in England.  *Id.* ¶ 4.  She stated that she and Alfonsi direct, control, and coordinate Corin USA's office from the Cirencester office, with support from the U.K. management team.  *Id.* ¶ 7.  She explained that Corin USA's team in the United States is primarily operational and administrative in nature.  *Id.* ¶ 11.  Corin USA also submitted a copy of the January 2018 annual report it filed with the Florida Secretary of State, which states that its principal place of business is in Cirencester, Gloucestershire, England.  Dkt. 14-2.  Finally, it attached a copy of the complaint that corresponds to the answer previously filed by Plaintiffs.  Dkt. 14-3.  When reviewed in conjunction with that answer, it is clear that Corin USA denied having a principal place of business in Florida, despite admitting that it was a "foreign corporation organized and existing under the laws of the State of Florida." *Id.* ¶ 8; Dkt. 7 at 11 ¶ 8.

The Court heard oral argument on Plaintiffs' motion on March 8, 2019.  At the hearing, Plaintiffs' counsel admitted that there is no evidence that Corin USA

has ever indicated in its Florida Secretary of State filings that its principal place of business is in Florida.  Plaintiffs' motion is now ripe for review.

## II.    **DISCUSSION**

Under 28 U.S.C. § 1447(c), a district court must remand a removed case if it determines that subject matter jurisdiction is lacking.   The party that removes an action to federal court bears the burden of proving federal jurisdiction.  *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  For purposes of diversity jurisdiction, a corporation—like Corin USA—is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).  The term "principal place of business" refers to  "the place where a corporation's officers direct, control, and coordinate the corporation's activities"—that is, its "nerve center."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Plaintiffs' sole ground for arguing lack of jurisdiction is that Corin USA has its principal place of business in Florida, thereby destroying complete diversity because Plaintiffs are also citizens of Florida.  Dkt. 7.  Thus, Corin USA bears the burden of proving that its principal place of business is not in Florida.

Upon review of the record evidence, the Court concludes that Corin USA's principal place of business is, as stated in Silvester's declarations (Dkts. 1-1 and 14-1), in Cirencester, Gloucestershire in England.  This is consistent with Corin

USA's filing with the Florida Secretary of State, which lists the same principal place of business. Dkt. 14-2. That filing predates this lawsuit. Moreover, the CEO and the CFO of Corin USA both live in England and work from offices in Cirencester, Gloucestershire, England (Dkt. 14-1 ¶ 4), which further supports the conclusion that Corin USA's principal place of business is in England, not Florida. None of Plaintiffs' evidence supports the conclusion that Corin USA's "nerve center"—as defined by the Supreme Court of the United States—is in Florida. On this record, there is no need for jurisdictional discovery.

## III.   CONCLUSION

For the reasons stated above, Plaintiffs' motion to remand (Dkt. 7), including their alternative motion for jurisdictional discovery, is denied.

**DONE** and **ORDERED** in Tampa, Florida on March 15, 2019.


*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**


**COPIES FURNISHED TO:**
Counsel of Record